UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KENNETH MIZE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES NAVY, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 2:14-cv-01186-APG-CWH <br><br> **ORDER/REPORT AND** <br> **RECOMMENDATION** |

This matter is before the Court on Plaintiff's handwritten Motion/Application for Leave to Proceed *in Forma Pauperis* (#1) and petition for writ of mandamus(#1-1), filed July 21, 2014. Plaintiff has submitted several applications to proceed *in forma pauperis* with the Court in the past thirty (30) days. *See Mize v. United States of America*, 2:14-cv-1179-RFB-VCF (filed July 18, 2014/IFP application pending); *Mize v. Hagel*, 2:14-cv-1113-JAD-NJK (filed July 8, 2014/Report and Recommendation denying IFP application pending); *Mize v. Clark County Justice Court*, 2:14-cv-1114-JCM-GWF (filed July 8, 2014/Amended IFP application pending); *Mize v. Federal Bureau of Investigation*, 2:14-cv-1115-JAD-CWH (filed July 8, 2014/Renewed IFP application pending);  and *Mize v. United States Navy*, 2:14-cv-1127-APG-VCF (filed July 9, 2014/Report and Recommendation that the claim be dismissed with prejudice).

**I.**     ***In Forma Pauperis* Application**

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize commencement . . . of any suit . . . without prepayment of fees or secutiry therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefore." The Court's Local Rules require the application to proceed *in forma pauperis* "be made on the form provided by the Court[.]" LSR 1-1, Plaintiff has not complied with these provisions in this matter, as the application to proceed *in forma pauperis* was not made on the form provided by the Court. Under these circumstances, normally, the Court would deny the application without prejudice and require Plaintiff to submit a completed application.

Nevertheless, being mindful of the charge to "liberally construe the 'inartful pleadings' of pro se litigants, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the undersigned has undertaken a review of the affidavit submitted in support of the IFP application, wherein Plaintiff claims as follows:

1.  He has a corporate bank account with $40,000.00 provided by his co-workers at Area 51, all of whom have been murdered on the instruction of the director of Area 51. He has not been given the identity of this account or been made aware of the location where the account was opened. He is aware, however, that the account has a feature permitting the voice transfer of funds, which has been utilized by individuals recording unrelated conversations with him to access the account.

2.  He was paid $30 trillion by check in 2014.

3.  He has received "a few" $1 trillion checks for payment relating to "2,000 [pounds] of material recovered" from inside his person.

4.  He receives $1 trillion every other month as an interest payment on his half ownership in the balance of "[P]lanetary [B]anking[.]" He asserts that the interest payments can fluctuate when the balance at Planetary Banking fluctuates to $2.3 zillion from $1 zillion.

5.  He owns a retirement home identified as "the Virginian" valued at $40 million purchased for him by the Department of State.

6.  He has received, for an unidentified number of years, $100 million payments from the Department of State.

7.  He owns 28 "[m]agnumspectrometer [s]atellites" that he rents for $140,000.00.

8.  He receives an annual salary of perhaps $100,000.00 for his work as the Director of

1  the Nevada Test Site.

2      9. He has independent authority to conduct warrantless searches and seizure.

3      10. He owns a home in New Mexico the location of which is classified.

4      11. He owns "Republican Space Development" in New Mexico. He also claims to own a
5  space port and several space craft for his own personal use.

6      12. He claims to have received "Congressional checks" for "Tobacco tax money."

7      13. He further claims that Congress has failed to pay him over $40 billion, and that he
8  "may own" most of Raytheon, Imperial Insurance Corp., Rockefeller Plaza, Sears Tower, and
9  RSX Train Co.

10  Based on his claims set forth in his affidavit, Plaintiff is the richest man in the world by a
11  wide margin, with more than double the assets and holdings of the United States gross domestic
12  product. Despite this claimed largesse, the financial certificate attached to his application to
13  proceed *in forma pauperis*, indicates an average monthly balance of $2.23 with average monthly
14  deposits of $51.13. Clearly, Plaintiff's statements related to his employment and monetary
15  holdings lack any credibility and, therefore, the Court will rely on his financial certificate and
16  grant his request to proceed *in forma pauperis*.

17  **II.   Screening the Complaint**

18  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
19  complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a
20  case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may
21  be granted, or seeks monetary relief from a defendant who is immune from such relief. §
22  1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
23  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129
24  S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

25  In considering whether the plaintiff has stated a claim upon which relief can be granted,
26  all material allegations in the complaint are accepted as true and are to be construed in the light
27  most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).
28  Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted

by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint is clearly fanciful and premised on delusional factional scenarios. He seeks a writ of mandamus, which is an extraordinary remedy, used to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1651. A writ of mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The petitioner has the burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

Mize' petition for writ of mandamus requests that "this court duly find and adjudge the issue tendered to you whether there is sufficient evidence to find the U.S. Navy in violation of [Mize's] order to launch thermal nuclear advanced weapons . . . ." He further claims that his "missile license number" and his "neutron missiles" were improperly destroyed by domestic terrorists and "a treasonous government." He requests that the United States Constitution be removed from Washington D.C. prior to, what he believes, is an imminent nuclear attack. He

4

further requests the Court to enforce his order for "an immediate launch by submarines on the following targets," Baltimore, MD; Cape Canaveral, FL; Goldfield, ND; Chantilly, VA; Richmond, VA; Arlington, VA; Syracuse, NY; Federal Way, WA; Ely, NV; Reno, NV; and Washington D.C. He asserts that England is involved and may be plotting a nuclear strike on Buckingham Palace. He claims that he alone can order a launch of nuclear weapons and requests the Court permit him to do so. Further recounting of the allegations and requests are not necessary. The complaint is clearly fanciful and based on several delusional factual scenarios.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Writ of Mandamus (1-1) be **denied and this case dismissed with prejudice**. The claims are fanciful, based on delusional factual scenarios, and fail to state a claim upon which relief could be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

1983).

Dated: July 24, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge